UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARVEY LEE RADNEY, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> BAYVIEW LOAN SERVICING, LLC; ) <br> NATIONSTAR MORTGAGE, LLC; ) <br> CORELOGIC CREDCO, LLC; ) <br> EXPERIAN INFORMATION SOLUTIONS, INC.; ) <br> and EQUIFAX INFORMATION SERVICES, LLC, ) <br> ) <br> Defendants. ) | Case No. 15-cv-9380 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff Harvey Lee Radney filed a Complaint against Defendants Bayview Loan Servicing, LLC ("Bayview"); Nationstar Mortgage, LLC ("Nationstar"); Corelogic Credco, LLC ("Credco"); Experian Information Solutions, Inc.; and Equifax Information Services, LLC. On February 17, 2016, Defendant Bayview filed a Motion to Dismiss Counts I, II and VII of the Amended Complaint [58], and Defendant Credco [64] filed a Motion to Dismiss Count VI of the Amended Complaint. For the reasons set forth below, the Motions are denied and granted, respectively.

## BACKGROUND

The following alleged facts are taken from Plaintiff's First Amended Complaint ("FAC" or "Amended Complaint"). On February 20, 2007, Plaintiff executed two mortgage loans with Countrywide Home Loans, Inc. ("Countrywide") in the amounts of $399,200 and $70,769. Both loans were secured by property located at 20810 Bristol Lane, Olympia Fields, Illinois (the "Property"). (FAC ¶¶ 11, 12). Countrywide and Bank of America merged on

September 12, 2012; and the mortgages were then assigned to Bank of America. On or about December 16, 2012, Plaintiff was notified that Bayview was the new servicer for his mortgage. (FAC ¶ 14.) Plaintiff filed a bankruptcy petition on December 29, 2012, in the United States Bankruptcy Court for the Northern District of Illinois. (FAC ¶ 16.) Plaintiff's Chapter 13 bankruptcy plan stated that he would surrender the Property. (FAC ¶ 20.) On May 14, 2014, the bankruptcy court granted Plaintiff an Order of Discharge. (FAC ¶ 29.) Plaintiff alleges that Defendant Credco requested and received copies of Plaintiff's consumer credit report maintained by Experian on behalf of Defendant Nationstar. Plaintiff further alleges that this was without Plaintiff's consent or for any permissible purpose, after Plaintiff received a discharge in bankruptcy. (FAC ¶¶ 185-187.)

Plaintiff also alleges that he received several post-discharge communications from Defendant Bayview. (FAC ¶¶ 36-39.) Plaintiff attached three letters to his Amended Complaint, one from May 16, 2014; one from August 17, 2015; and one from September 16, 2015. (FAC Exh. J, K, and L.) The May 16, 2014 letter states, "You are late on your mortgage payments. Failure to bring your loan current may result in fees and foreclosure – the loss of your home. As of 05/16/2014, you are 653 days delinquent on your mortgage – Total: $74,169.10 due. You must pay this amount to bring your loan current." (FAC Exh. J.)

The May letter also has a disclaimer that states:

> Bayview Loan Servicing LLC is a debt collector. This letter is an attempt to collect a debt and any information obtained will be used for that purpose. To the extent that your obligation has been discharged or is subject to an automatic stay in bankruptcy this notice is for information purposes only and does not constitute a demand for payment or any attempt to collect such obligation.

(FAC Exh. J at 3.) The August 17, 2015 letter provided Plaintiff with information regarding his account, listing a "Total Amount" or "Principal Balance" of $125, 659.14. (FAC Exh. K.) The third letter, dated September 16, 2015, included a heading of "Bankruptcy Notice". The September 16, 2015 letter states:

> Our records reflect that you are presently a debtor in an active bankruptcy case or you previously received a discharge in bankruptcy. This statement is being sent to you for informational purposes only. It should not be construed as an attempt to collect a debt against you personally.

(FAC Exh. K.) Both the August and September letters included payment coupons.

In June of 2015, Plaintiff looked up his credit report from Equifax and Experian. (FAC ¶¶ 44, 56.) Plaintiff alleges that both agencies erroneously reported the nature and character of his first mortgage serviced by Bayview. (FAC ¶¶ 45, 57.) The credit report from Equifax listed Plaintiff's account with Bayview as in default. The credit report from Experian listed the Account Balance as $338,200 with a scheduled payment amount of $2,890. On August 23, 2015, Plaintiff sent letters to Equifax and Experian, requesting that they correct these errors in his credit reports. Plaintiff alleges that Equifax did nothing to correct his report. Experian responded to Plaintiff's letter and issued a corrected report but failed to remove certain information. (FAC ¶¶ 50-54, 62, 63-64.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must allege enough facts to support a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). All well-pleaded allegations are presumed to be true, and all inferences are read in the light most favorable to the plaintiff. *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). This presumption is not extended to "legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). The complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555).

## ANALYSIS

Plaintiff alleges that Defendant Bayview violated the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 (Count I); violated the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 (Count II); and violated the Illinois Consumer Fraud Act ("ICFA") 815 ILCS 505/1 (Count VII). Plaintiff also alleges that Defendant Credco violated §§ 1681b(f) and 1681e(a) of the FCRA (Count VI).

### *Count I*

Plaintiff alleges that Bayview failed to correct information regarding one of Plaintiff's mortgage loans on Plaintiff's credit report after Experian and Equifax notified them that Plaintiff sent a dispute letter. Plaintiff further alleges that Bayview failed to conduct an investigation regarding the disputed information after receiving requests for an investigation from Experian and Plaintiff, failed to review all relevant information provided by Experian and Plaintiff, and erroneously confirmed its credit reporting without conducting a reasonable investigation. (FAC

4

¶¶ 93-96.) Plaintiff claims that these actions violate 15 U.S.C. § 1681s-2(b)(1)(A)-(E) and 15 U.S.C. § 1681s-2(b)(2) of the FCRA.

Bayview argues that Plaintiff's allegations are refuted by the documents attached to his Amended Complaint. Specifically, Bayview references a corrected credit report dated September 4, 2015, from Experian, arguing that the report makes clear that the loan in question was included in Plaintiff's bankruptcy and that Plaintiff's dispute regarding that account was investigated and corrected. (FAC Exh. Q.) However, Plaintiff argues that the corrected credit report from Experian does not correct all of the information at issue, and failure to do so is still a violation of the FCRA. Specifically, Plaintiff notes that the Account History section of the report shows post-discharge balances and scheduled monthly payments. The parties' disagreement over this section turns on whether including the original scheduled payment amounts for the months post-discharge and a statement that "No Data" is provided for the "Actual Amount Paid" is inaccurate reporting. At this stage in determining the sufficiency of the pleadings, Plaintiff has sufficiently pled that this depiction of his mortgage may have been inaccurate and that failure to investigate his dispute constituted a violation of the FCRA.

Bayview also argues that Plaintiff did not sufficiently plead that Bayview received notice of Plaintiff's dispute from Equifax, noting that Plaintiff "merely inserted Equifax into the previous allegations for Count I concerning only Experian" in his Amended Complaint and did not provide further factual allegations to support his claim. However, Plaintiff pleads sufficient facts to supports his claim to provide Bayview with adequate notice of its FCRA claim. Plaintiff specifically alleges that Bayview received notice of Plaintiff's dispute from Equifax five days of the date Equifax received Plaintiff's dispute letter and that Plaintiff's letter requested that

Equifax send the dispute to Bayview. (FAC ¶¶ 47, 55.) Plaintiff's Amended Complaint need only give Bayview fair notice of what the claim is and the grounds upon which it rests. Thus, Bayview's Motion to Dismiss Count I is denied.

*Count II*

Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e. Section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." In deciding whether a communication violates the FDCPA, the court views the letter through the perspective of an "unsophisticated consumer." *Wahl v. Midland Credit Mgmt.,* 556 F.3d 643, 645 (7th Cir. 2009). This standard applies to claims under both § 1692e and § 1692f. *Turner v. J.V.D.B. & Assoc., Inc.,* 330 F.3d 991, 997 (7th Cir.2003).

Count II of Plaintiff's Amended Complaint claims that Bayview's post-discharge communications to Plaintiff violated the FDCPA's prohibition against deceptive and unfair communications. Bayview argues that the communications in question were not made in connection with the collection of a debt and that, thus, the FDCPA does not apply. Some factors considered by the Seventh Circuit in determining whether a communication from a debt collector is made in connection with the collection of a debt are: (1) the presence or absence of a demand for payment; (2) the nature of the parties' relationship; and (3) the purpose and context of the communications. *Gburek v. Litton Loan Servicing LP,* 614 F.3d 380, 385 (7th Cir. 2010).

Other than the September 2015 communication, none of the communications attached to Plaintiff's Amended Complaint reference his bankruptcy or inform Plaintiff that the statement

was sent for informational purposes. While the May 2014 communication has a disclaimer, stating that the notice is for information purposes if the recipient's debt was discharged through bankruptcy, the disclaimer is not clearly marked. The August 2015 communication contains no such disclaimers, and the August and September communications both include payment coupons.

As the servicer of Plaintiff's mortgage loans, the relationship between the parties was clearly that of a creditor-debtor. Bayview argues that Plaintiff's bankruptcy and intention to surrender the Property did not alter this relationship post-discharge. If this is the case, the communications from Bayview to Plaintiff regarding his debt could be construed as communications from a creditor to a debtor made in connection with the collection of a debt. Plaintiff has sufficiently alleged that the purpose and context of these communications were to collect payment on a discharged debt.

Viewed through the perspective of the "unsophisticated consumer," a reasonable inference could be drawn that Bayview's actions violated the FDCPA. Bayview's Motion to Dismiss Count II is denied.

*Count VII*

Count VII claims that Bayview engaged in unfair and deceptive business practices in violation of the ICFA. A plaintiff may recover under the ICFA "for unfair as well as deceptive conduct." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.,* 536 F.3d 663, 669 (7th Cir. 2008). As noted above, Plaintiff has sufficiently alleged that Bayview's communications constituted an attempt to collect a discharged debt. At this stage in the

pleadings, Plaintiff's further allegation that this conduct was unfair and deceptive is sufficient to state a claim under the ICFA. Bayview's Motion to Dismiss Count VII is denied.

*Count VI*

Plaintiff alleges in Count VI that Credco violated 15 U.S.C. § 1681b(f) by requesting and receiving copies of Plaintiff's consumer credit report from Experian on behalf of Nationstar without Plaintiff's consent or for any permissible purpose after Plaintiff's bankruptcy discharge. As a preliminary matter, Credco argues that section 1681b(f) is not applicable to them because they are a "reseller," and thus, a "consumer reporting agency" ("CRA") under the FCRA. The FCRA defines a CRA as:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

15 U.S.C. § 1681a(f). Section 1681b(f) requires that "users" of consumer reports must have a permissible purpose for obtaining the report. "The FCRA makes it punishable for nonconsumer reporting agencies to use or obtain a consumer report for impermissible purposes." *Novak v. Experian Info. Sols., Inc.,* 782 F. Supp. 2d 617, 621 (N.D. Ill. 2011). Plaintiff alleges in his Amended Complaint that Credco "is in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties." (FAC ¶ 8.) This definition tracks the definition of a CRA as set forth in section 1681a(f) above. Plaintiff's allegations support Credco's argument that it is a CRA and that section 1681a(f) is inapplicable here.

Plaintiff further alleges that Credco violated 15 U.S.C. § 1681e(a) by failing to obtain certification that Nationstar had a permissible purpose to pull Plaintiff's credit report and by

failing to make a reasonable effort to verify that Nationstar had a permissible purpose, specifically, that Credco should have searched the public record for Plaintiff's bankruptcy. (FAC ¶¶ 191, 192.) Credco argues that Nationstar had authorization to access Plaintiff's credit for account review purposes because there was still a lien on the Property. Plaintiff argues that after discharge of his debt in bankruptcy, he was no longer personally liable to Nationstar and no longer had an account to review. Neither party cites to any controlling case law to support their arguments as to whether Nationstar had a permissible purpose to pull Plaintiff's credit report under the FCRA. However, as noted by Credco, Plaintiff had not yet surrendered possession of the Property, and foreclosure proceedings were still ongoing at the time of the credit pull. Even considering all reasonable inferences in the light most favorable to Plaintiff, Plaintiff has not sufficiently alleged that his relationship with Nationstar was severed at the time Credco accessed Plaintiff's credit report and that Nationstar did not have a permissible purpose to pull that report. Thus, Credco's Motion to Dismiss is granted.[1]

## CONCLUSION

For the reasons discussed above, Defendant Bayview's Motion to Dismiss [58] is denied. Defendant Credco's Motion to Dismiss [64] is granted. Count VI is dismissed with prejudice.

Date:     June 30 2016

JOHN W. DARRAH
United States District Court Judge

---

[1] Credco also argues that Plaintiff has not properly pled actual damages in Count VI of his Complaint. As Credco's Motion has been granted on other grounds, this argument will not be addressed here.